IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA FRESQUEZ,

    Plaintiff,

vs.                                                         Case No. 1:21-cv-00043-KWR-GBW

NEIL WHITE and UNITED AIRLINES, INC.,

    Defendants.

## ORDER DENYING IN PART MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court upon Defendants' Motion for Summary Judgment (**Docs. 26, 34, 35**). Having reviewed the pleadings and applicable law, the Court finds that Defendants' Motion is not well taken and, therefore, is **GRANTED IN PART** and **DENIED IN PART.** The Court finds there is a genuine dispute of material fact as to each claim. However, the Court will dismiss the punitive damages request against Defendant United.

## BACKGROUND

This case arises out an altercation which led to Plaintiff's termination from her position as the general manager of the Sheraton Albuquerque Airport Hotel. Defendant White is a United Airlines pilot. On April 13, 2020, Defendant White was staying at the Sheraton Albuquerque Airport hotel during a layover. Plaintiff asserts that she and her employee initially refused to drive Defendant White to a Mexican restaurant, and instead offered him food at the hotel or delivery services. Plaintiff explained to him that she could not transport him to the restaurant due to FAA regulations providing that crew members on layovers should stay in their hotel rooms to the extent possible. **Doc. 39 at 7.**

Plaintiff asserts that Defendant White yelled, screamed, and gestured threateningly towards her.  Plaintiff believed Defendant White would batter her so she went behind her desk.  In order to calm him down, she agreed to drive him to a restaurant.  Plaintiff believed that United Airline's business was vital to the hotel, which at the time was down to 5% occupancy.  Plaintiff asserts that Defendant White subsequently contacted the owner of the hotel and defamed her, causing her to lose her job.  Specifically, Defendant White sent an email to Plaintiff's employer titled "VERY UNPROFESSIONAL GM", and the body of the email read "[h]ad a run in with GM Cynthia Fresquez. I would like to talk to someone about her attitude and rude exchange I had with her during a stay 4/12-4/14. Please call.  Thank you. Neil White." **Doc. 39 at 12.**  Defendant White included his phone number in the email. During a subsequent call with the hotel owner, Defendant White stated that Plaintiff yelled at and berated him, that he never been treated so horribly, and that her conduct was reprehensible.  **Doc. 39 at 8.**  Defendant White stated that "United should not have employees stay at the hotel." **Doc. 40 at 7.**

Plaintiff's complaint asserts the following claims:

Count A:	Assault (against Defendant White)

Count B:	Defamation (against Defendant White)

Count C:	Tortious Interference with a Contractual Relationship (against Defendant White)

Count D:	Respondeat Superior (against Defendant United)

Plaintiff seeks compensatory and punitive damages.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). As the Tenth Circuit has explained, "mere assertions and conjecture are not enough to survive summary judgment." *York v. AT&T*, 95 F.3d 948, 955 (10th Cir. 1996). To avoid summary judgment, a party "must produce specific facts showing that there remains a genuine issue for trial and evidence significantly probative as to any [material] fact claimed to be disputed." *Branson v. Price River Coal Co.*, 853 F.2d 768, 771-72 (10th Cir. 1988) (quotation marks and citations omitted).

"A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017) (quotation marks and citation omitted).

## DISCUSSION

Defendants seek summary judgment on all claims in this case. The Court has considered the parties' submissions in accordance with Fed. R. Civ. P. 56(a) and the standards set forth in *Celotex v. Catrett*, 477 U.S. 317 (1986), and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Because genuine disputes of material fact exist at this time for all claims, a trial will be required. However, the Court briefly addresses a few of Defendants' legal arguments.

**I.     Defendants' legal arguments as to Counts A through D are not meritorious.**

**A.     The Court takes Plaintiff's properly supported additional facts as undisputed.**

Initially, Defendants assert that Plaintiff may not respond to their motion for summary judgment by setting out her own statement of undisputed facts. Defendants also appear to argue

3

that they need not respond to those additional material facts. However, the Court's local rules state that "the response may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion." D.N.M.LR-Civ. 56.1(b). Moreover, "the reply must contain a concise statement of those facts set forth in the response which the movant disputes or to which the movant asserts an objection… [a]ll material facts set forth in the response will be deemed undisputed unless specifically controverted." *Id*. Therefore, the Court deems Plaintiff's statement of additional facts to be undisputed, to the extent they are supported in the record and Defendants did not respond to them as required under the local rules.

      **B.**     **Defamation Claim.**

Defendants seek summary judgment on Plaintiff's defamation claim. Under New Mexico law, the elements of defamation include (1) a publication by the defendant (2) of an asserted fact (3) which is defamatory, (4) communicated to a third person, (5) of and concerning the plaintiff, (6) and proximately causing injury to the plaintiff. *See Schwartz v. Am. Coll. of Emergency Physicians*, 215 F.3d 1140, 1144 (10th Cir. 2000), *citing Newberry v. Allied Stores, Inc.,* 108 N.M. 424, 773 P.2d 1231, 1236 (1989) *and* N.M.R.A. U.J.I. 13-1007 (uniform jury instruction)

The Court finds that there are genuine issues of material fact precluding summary judgment as to each element of this claim.

Defendant White argues that Plaintiff's defamation claim fails on the second element, because his communication was merely an opinion and not a fact. A defamation claim "will lie for false statements of fact but not for those statements that are but fair opinion." *Moore v. Sun Pub. Corp.*, 1994-NMCA-104, ¶ 23, 118 N.M. 375, 382, 881 P.2d 735, 742 (citations omitted). "Where the statements are unambiguously fact or opinion, ... the court determines as a matter of

law whether the statements are fact or opinion. However, where the alleged defamatory remarks could be determined either as fact or opinion and the court cannot say as a matter of law that the statements were not understood as fact, there is a triable issue of fact for the jury." *Marchiondo v. Brown*, 98 N.M. 394, 404, 649 P.2d 462, 472 (1982), *quoted in* NMRA, Rule 13-1004 (use notes). "[W]here there are implications in the statement that the writer has private, underlying knowledge to substantiate his comments about plaintiff, and such knowledge implies the existence of defamatory facts, the statement is deemed to be factual and not privileged." *Marchiondo v. Brown*, 1982-NMSC-076, ¶ 56, 98 N.M. 394, 404, 649 P.2d 462, 472 (quotation marks and citation omitted).

> New Mexico instructs juries to consider the following:
>
> (A) The entirety of the communication and the context in which the communication was made; and
> (B) Whether reasonable persons would be likely to understand the communication to be a statement of the defendant's opinion or a statement of fact.

NMRA, Rule 13-1004. Plaintiff White emailed Plaintiff's employer and talked on the phone with her employer. The email was titled "VERY UNPROFESSIONAL GM", and the body of the e-mail read "[h]ad a run in with GM Cynthia Fresquez. I would like to talk to someone about her attitude and rude exchange I had with her during a stay 4/12-4/14. Please call. Thank you. Neil White." **Doc. 39 at 12.** Considering the entirety of the communications and the context in which the communications were made, the Court cannot say that the Defendant White's communications were unambiguously fact or opinion. Moreover, the email at least implies the existence of defamatory facts. Defendant White's communication in the phone call could also be construed as a fact. For example, Defendant White allegedly told Plaintiff's employer that Plaintiff yelled at him and berated him, which is a statement of fact. Therefore, this issue must be decided by a jury. *Marchiondo*, 1982-NMSC -076, ¶ 58.

Defendant White also argues his communications were privileged and therefore Plaintiff cannot pursue a defamation claim against him. Under New Mexico law, "qualified privilege exists where there is a good faith publication in the discharge of a public or private duty." *Bookout v. Griffin*, 97 N.M. 336, 339, 639 P.2d 1190 (N.M.1982). The existence of a qualified privilege "has the effect of taking away from defamatory language the presumption of malice in the publication, and cast[ing] upon the plaintiff the burden of proving actual malice." *Gengler v. Phelps,* 92 N.M. 465, 468, 589 P.2d 1056 (N.M.Ct.App.1978). "The question whether an occasion gives rise to a qualified privilege is one for the court as an issue of law." *Stewart v. Ging*, 64 N.M. 270, 274, 327 P.2d 333, 336 (1958). If the judge decides that a qualified privilege exists, "the question whether it was abused is ordinarily for the jury". *Id.* at 274-275, 327 P.2d at 336. Defendant has not cited case law showing that a qualified privilege arises here. Even if a qualified privilege did arise, Plaintiff has created a genuine issue of fact whether Defendant abused that privilege. NMRA 13-1012 (uniform jury instruction listing abuses of privilege). Whether a qualified privilege was abused is for the jury to decide. *Id.* (use notes).

Plaintiff has also created a genuine issue of material fact as to the remaining elements of her defamation claim.

### C.   Interference with contract claim.

Defendant asserts that Plaintiff's interference with contract claim must be dismissed, because (1) an at will employment relationship is considered a prospective contract and (2) Plaintiff must show that Defendant White's sole intent was to harm her.

When employment is at will, any claim of intentional interference with that employment relationship is treated as interference with a prospective employment relationship. *Zarr. v. Washington Tru Solutions, LLC*, 2009-NMCA-050, ¶ 17. A defendant may interfere with a

prospective contract unless the sole motive is to harm the plaintiff. *Fikes v. Furst,* 134 N.M. 602, ¶ 23. Considering the totality of the circumstances, Plaintiff has created a genuine issue of fact whether Defendant White's sole motive was to harm Plaintiff.

**II.    Punitive damages are dismissed as to Defendant United.**
Both Defendant White and Defendant United seek dismissal of the punitive damages. "New Mexico law permits an award of punitive damages 'to punish and deter persons from conduct manifesting a culpable mental state.' " *Vigil v. Burlington N. & Santa Fe Ry. Co.*, 521 F. Supp. 2d 1185, 1221 (D.N.M. 2007) (quoting *Paiz v. State Farm Fire & Cas. Co.*, 880 P.2d 300, 308 (1994)). Here, there is a genuine issue of fact whether Defendant White had a culpable mental state.

However, Plaintiff has not created a genuine issue of material fact as to Defendant United's mental state. Plaintiff cites to *Ocana* for the proposition that a principle may be liable for an agent's actions if the agent "was aided in accomplishing the tort by the existence of the agency relation." *Ocana v. Americna Furniture Co.,* 2004-NMSC-018, ¶30. But *Ocana* did not address punitive damages.

"To be liable for punitive damages, a wrongdoer must have some culpable mental state, and the wrongdoer's conduct must rise to a willful, wanton, malicious, reckless, oppressive, or fraudulent level." *Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ , 881 P.2d 11 (internal citation omitted); New Mexico UJI 13-1827; *See also Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1250 (10th Cir. 2000) ("The defendant must act knowingly, displaying an 'evil motive' or culpable mental state."); *Couch v. Astec Indus., Inc.*, 2002-NMCA-084, ¶ 58, 53 P.3d 398 ("Because the purpose of punitive damages is to punish a wrongdoer, a wrongdoer must have a culpable mental state to be liable for punitive damages.")

A corporation may be liable if it authorized or ratified an employee's conduct. Moreover, "[t]he cumulative conduct theory provides that an award of punitive damages against a corporation may be based on the actions of the employees [viewed] in the aggregate [in order] to determine whether [the employer corporation] had the requisite culpable mental state because of the cumulative conduct of the employees." *Grassie v. Roswell Hosp. Corp.*, 2011-NMCA-024, ¶ 30, 150 N.M. 283, 258 P.3d 1075, 1084.

Here, Plaintiff has not created a genuine issue of material fact as to Defendant United's culpable mental state. Plaintiff has not provided any basis to assess punitive damages to Defendant United. There is no evidence in the record that Defendant White was a policy maker for United, or that United authorized, participated in, or ratified Defendant White's conduct. *See* NMRA, Rule 13-1827. Plaintiff suggests that Defendant White took advantage of his position as a pilot for United, whose business was essential for the hotel. However, this does not appear to justify punitive damages under New Mexico law.

## CONCLUSION

For the reasons stated above, the Court finds there is a genuine dispute of material fact as to each count. However, the Court will dismiss the punitive damages request against Defendant United.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment **(Docs. 26, 34, 35)** is **DENIED IN PART** and **GRANTED IN PART** as described above.

**IT IS SO ORDERED.**

                                                                                          _____
                                                                                          **KEA W. RIGGS**
                                                                                          **UNITED STATES DISTRICT JUDGE**