# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CYNTHIA FRESQUEZ,

    Plaintiff,

vs.                                                      No. 1:21-cv-00043-KWR-GBW

NEIL WHITE and UNITED AIRLINES, INC.,

    Defendants.

## ORDER DENYING DEFENDANT NEIL WHITE'S MOTION TO RECONSIDER

**THIS MATTER** is before the Court upon Defendant Neil White's Motion to Reconsider (**Doc. 49**). Having reviewed the pleadings and applicable law, the Court finds that Defendant White's Motion is **NOT WELL TAKEN** and, therefore, is **DENIED.**

After Defendant Neil White moved for summary judgment, the Court found there were genuine disputes of material fact precluding summary judgment as to all claims asserted against Defendant White. **Doc. 42.** Defendant White now moves for the Court to reconsider its order denying summary judgment as to the defamation claim.

Defendant White provides one narrow basis for reconsideration. He asserts that Plaintiff failed to show there was a genuine dispute of material fact as to the proximate causation element of her defamation claim. However, Defendant White did not argue this ground in his motion for summary judgment. *See* **Doc. 35 at 8-15.**

The Court declines to reconsider because Defendant White did not raise this argument in his motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a).  "The party moving for summary judgment bears the initial burden of showing an absence of any issues of material fact." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the burden of persuasion at trial would be on the nonmoving party, the movant may carry its initial burden by providing "affirmative evidence that negates an essential element of the nonmoving party's claim" or by "demonstrat[ing] to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* at 331, 106 S.Ct. 2548.

When ruling on a motion for summary judgment, the Court generally only rules upon arguments raised by the parties in their briefing.  Here, Defendant White did not specifically argue lack of proximate cause as a reason to dismiss the defamation claim.  **Doc. 35 at 8-15.**  It likely would have been error to *sua sponte* grant summary judgment on the ground that Plaintiff failed to show proximate causation when that was never argued or raised by the movant in his motion. *See Oldham v. O.K. Farms, Inc.*, 871 F.3d 1147, 1150 (10th Cir. 2017) (court erred by granting summary judgment on ground not argued in summary judgment motion), *citing* Fed. R. Civ. P. 56(f)(2) (Court may grant summary judgment "on grounds not raised by a party," but only "[a]fter giving notice and a reasonable time to respond.").

When an argument is raised for the first time on reconsideration, the Court generally exercises its discretion and declines to consider that argument.  To be clear, the Court has discretion to reconsider an interlocutory order and its discretion is not cabined by Rules 59 or 60.  *See* Fed. R. Civ. P. 54(b).  However, this Court generally exercises its discretion to not consider arguments raised for first time in a motion for reconsideration.  *Tillmon v. Douglas Cty.*, 817 F. App'x 586, 590 (10th Cir. 2020) (district court may refuse to consider argument raised for first time on motion

for reconsideration), *citing United States v. Trestyn*, 646 F.3d 732, 742 (10th Cir. 2011) ("arguments raised for the first time in a motion for reconsideration are not properly before the [district] court and generally need not be addressed." (alteration in original).  Therefore, on this ground alone, the Court would deny Defendant White's motion to reconsider.

Alternatively, assuming that Defendant White had raised the proximate causation argument in his motion for summary judgment, the Court would not reconsider its decision because Plaintiff showed there is a genuine dispute of material fact as to proximate causation.

Defendant White argues that Plaintiff would have been fired even without his allegedly defamatory statements, and therefore Plaintiff failed to show there was a genuine dispute that his communication caused actual injury to her reputation.

In New Mexico, a defamation claim includes proximate causation element, specifically that "the communication caused actual injury to the plaintiff's reputation." *See* N.M. Rules Ann., Civ. UJI 13-1002(B). *See also Newberry v. Allied Stores, Inc.*, 1989-NMSC-024, ¶ 16, 773 P.2d 1231, 1236 ("Generally, the elements of a defamation action include: a defamatory communication, published by the defendant, to a third person, of an asserted fact, of and concerning the plaintiff, and proximately causing actual injury to the plaintiff.") (citing N.M. Rules Ann., Civ. UJI 13-1002) (emphasis added).

The Court finds there is a genuine dispute whether Plaintiff's reputation was injured by Defendant's statements.  Mr. Sherman needed Plaintiff as general manager because of COVID and intended to retain her.  **Doc. 39, Plaintiff's Undisputed Material Fact 17.**  After Defendant White spoke to Mr. Sherman, Mr. Sherman told Defendant White that he was going to fire Plaintiff because of what Defendant White told him.  Mr. Sherman stated that Plaintiff's alleged interaction with Defendant White was the straw that broke the camels' back.  **Doc. 39, Plaintiff's UMF 16.**

Mr. Sherman stated that the overall basis for Plaintiff's termination was "antagonizing a guest." **Doc. 39, Plaintiff's UMF 16.** Mr. Cerda stated that Mr. Sherman decided to terminate Plaintiff after speaking to Defendant White. *Id.*; *See also* **Doc. 39-2 at 139.** Plaintiff asserts that the hotel scored highly on guest service scores, and those scores increased during her tenure as general manager. **Doc. 39-2 at 137.** Plaintiff asserts that Defendant White's statement harmed her reputation in the community and prevented her from receiving gainful employment. **Doc. 39 at 14.** Plaintiff has shown there is a genuine dispute of material fact that Defendant White's statement caused injury to her reputation. Therefore, Defendant White's Motion to Reconsider is **NOT WELL TAKEN.**

**IT IS THEREFORE ORDERED** that Defendant White's Motion to Reconsider (**Doc. 49**) is **DENIED** as described above.

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**

4