## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

CYNTHIA FRESQUEZ,

      Plaintiff,

vs.                                       No. 1:21-cv-00043-KWR-GBW

NEIL WHITE and UNITED AIRLINES, INC.,

      Defendants.

## <u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT UNITED AIRLINES, INC.'S MOTION TO RECONSIDER</u>

**THIS MATTER** is before the Court upon Defendant United Airlines, Inc.'s Motion to Reconsider (**Docs. 45, 46**). Having reviewed the pleadings and applicable law, the Court finds that Defendant United' Airlines, LLC's Motion is **WELL TAKEN** in part and, therefore, is **GRANTED IN PART** and **DENIED IN PART.** The Court denies Defendant United's request for reconsideration on the assault claim but grants its request to reconsider the *respondeat superior* claim. Defendant may file its motion regarding *respondeat superior* within fourteen (14) days of the entry of this order**. Any response or reply is due in accordance with D.N.M.LR-Civ. 7.4(a), (e).**

Defendants filed a motion for summary judgment (**Doc. 26**), and then replaced that motion with an amended motion for summary judgment (**Doc. 35**). Although the original motion (**Doc. 26**) addressed *respondeat superior*, the amended motion (**Doc. 35**) did not. The amended motion only addressed the assault, defamation, and tortious interference with contract claims. The amended motion also moved for dismissal of Plaintiff's punitive damages request.

The Court entered an order denying Defendants' amended motion for summary judgment and finding a genuine dispute of material fact precluded summary judgment. **Doc. 42.** To clarify, the Court only addressed the arguments raised in the amended motion for summary judgment. **Doc. 35.** Generally, an amended motion replaces and supersedes the prior motion, and the Court does not rule on the merits of the original motion. Rather, the original motion is withdrawn or denied as moot. *See, e.g., Rio Grande Found. v. Oliver*, No. 19-cv-01174 JCH/JFR, 2021 WL 5834228, at *1 n.1 (D.N.M. Dec. 9, 2021) ("The Court finds that Plaintiffs' [Amended Motion] replaces and supersedes their [Motion] and thus the Court will deny Plaintiffs' original motion for summary judgment as moot."); *see also Davis v. TXO Production Corp.,* 929 F.2d 1515, 1517 (10th Cir. 1991) (noting it is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect). The original motion was still administratively "pending" in the CM/ECF system, so the Court terminated the original motion in its opinion.

Therefore, the Court did not address any arguments in the originally filed motion **(Doc. 26),** because (1) an amended motion superseded it, and (2) neither party fully briefed the arguments in the original motion. *See* **Doc. 39 (response to amended motion); Doc. 40 (Defendants' reply to amended motion).** Plaintiff did not fully address the *respondeat superior* argument in her response, and Defendants did not address it in the reply. *Id.* The Court notes that Plaintiff had no burden to respond to the *respondeat superior* argument, because that argument was omitted from the amended motion.

Defendant United requests that the Court address the (1) assault claim and the (2) *respondeat superior* claim. "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus.*, 495 F.3d at 1225. A motion to reconsider an interlocutory order "falls within a court's plenary power to revisit and amend interlocutory orders

as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC,* No. 06–cv–00037–PAB–CBS, 2010 WL 420046, *3 (D. Colo. Feb. 1, 2010). Moreover, the Court has discretion to "reconsider" an interlocutory order under Fed. R. Civ. P. 54(b). *Id.* ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

However, the Court generally exercises its discretion and finds the following framework useful when considering a motion to reconsider an interlocutory order. Motions for reconsideration are:

> "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion ... Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."

*Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000) (citations omitted).

First, the Court rejects Defendant United's motion to reconsider the assault claim. Defendant moved for summary judgment on the assault claim in its amended motion for summary judgment, and the Court addressed the assault claim and expressly found there was a genuine dispute of material fact precluding summary judgment. *See* **doc. 42** ("The Court has considered the parties' submissions in accordance with Fed. R. Civ. P. 56(a) and the standards set forth in *Celotex v. Catrett*, 477 U.S. 317 (1986), and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Because genuine disputes of material fact exist at this time … a trial will be required. However, the Court briefly addresses a few of Defendants' legal arguments."). The Court can, but need not, go into greater detail when finding a genuine dispute of material fact. *See, e.g., Chevron Mining Inc. v. United States of*

*America, et al.*, 1:13-cv-00328-PJK-JFR, Order, Doc. 212 (D.N.M. June 16, 2021) (Kelly, J.) (denying motion to reconsider court's summary order finding genuine dispute of material fact and noting that the form and detail of the court's order is left to the court's discretion).

Second, the Court did not address Defendant United's *respondeat superior* argument, because that argument was not included in its amended motion.  Defendant now appears to assert a legal argument which may or may not dispose of this claim. The Court will allow Defendant United Airlines to file a motion addressing *respondeat superior* within fourteen (14) days of the entry of this order.   Any response or reply is due in accordance with D.N.M.LR-Civ. 7.4(a), (e).

**IT IS THEREFORE ORDERED** that Defendant United Airline, Inc.'s Motion to Reconsider **(Doc. 45, 46)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**