# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CYNTHIA FRESQUEZ,

      Plaintiff,

vs.                                                                             No. 1:21-cv-00043-KWR-GBW

NEIL WHITE and UNITED AIRLINES, INC.,

      Defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court upon Defendant United Airlines, Inc.'s Motion for Summary Judgment **(Doc. 70)**. Having reviewed the pleadings and applicable law, the Court finds that Defendant's Motion is **WELL-TAKEN** and, therefore, is **GRANTED.**

Plaintiff seeks to hold Defendant United Airlines, Inc. ("United") liable under *respondeat superior* for the alleged intentional torts of its employee, Defendant Neil White. Defendant United moves for summary judgment on the *respondeat superior* claims against it. The Court concludes that Plaintiff has failed to show that Defendant White's alleged intentional torts occurred in the scope of employment, or that Defendant White was aided by his employment with United in committing the torts. Therefore, the Court dismisses Plaintiff's *respondeat superior* claims against Defendant United.

## FACTS[1]

On April 13, 2020, Plaintiff was the general manager of the Sheraton Albuquerque Airport Hotel and an employee of Terrapin Investments, the owner of the hotel. Defendant Neil White is

---

[1] The court omits Defendant's facts 3, 4, and 8 (Doc. 71) as unsupported in the record and based on speculation or conjecture. *See* Fed. R. Civ. P. 56(c)(2), (4).

a pilot and an employee of Defendant United. On April 13, 2020, he stayed at the Sheraton Albuquerque Airport Hotel as a guest during a layover between flights. While on layover, he remains "on the clock." **Doc. 71, UMF 1.**

Defendant United has a contract with the hotel. As a crew-service hotel, Defendant United's business was vital to the hotel's success during the pandemic.

Plaintiff alleges that Defendant White entered her office and began screaming at and/or berating her in conjunction with making threatening gestures towards her on April 13, 2020. After this incident, Defendant White completed and submitted a "contact us" e-mail through the Terrapin Hospitality website. The subject line of the e-mail included the phrase "VERY UNPROFESSIONAL GM" and the body of the e-mail said:

> Had a run in with GM Cynthia Fresquez. I would like to talk to someone about her attitude and rude exchange I had with her during stay 4/12-4/14. Please call. Thank you.

**Doc. 70-3, Ex. C.** After receiving this e-mail, Tony Sherman, CEO of Terrapin Investments spoke on the phone with Neil White to discuss Mr. White's complaint. As recounted by Mr. Sherman, Defendant White told Mr. Sherman that "he had never been treated that way in his life" and that United should not have employees stay at his hotel. **Doc. 71 at 4.** He stated that Plaintiff yelled at him, that he had never been treated so horribly, and that Plaintiff's conduct was reprehensible. He also stated that Plaintiff berated him. Mr. Sherman believed that Defendant White was "relating the facts" and he "took it to be very bad." **Doc. 71 at 4,** *citing* **Doc. 71-4, Ex. 4., at 39:9-10.**

Based on Defendant White's characterization of the incident, Mr. Sherman stated that this was the "straw that broke the camel's back." *Id*. Mr. Sherman directed Mr. Cerda to terminate

Plaintiff without investigating Plaintiff's side of what occurred and directed Mr. Cerda to call Defendant United to beg for Defendant United to keep its business with the hotel.

Plaintiff's complaint does not contain any allegations of negligent hiring, training, supervision, or retention. Defendant United did not direct, instruct, train, or cause Defendant White to submit a complaint about Plaintiff Fresquez to Terrapin Investments. Although Defendant White could have submitted a complaint about the hotel to his union, which would have forwarded the complaint to United, Plaintiff has not identified any policy which prohibited Defendant White from filing a complaint with the hotel directly. **Doc. 70 3;** *Id***, Ex. F. at 11:1-25.** Defendant United did not know that Mr. White was going to submit a complaint to the hotel's owner, Terrapin Investments.

Defendant United did not authorize or otherwise consent to Defendant White making any statements on United's behalf as to United's business with the Sheraton Albuquerque Airport hotel. Defendant United did not contact or communicate with Tony Sherman about United's business with the hotel and the hotel's business dealings were not affected by Mr. White's complaint.

Plaintiff's complaint asserts the following claims:

Count A:   Assault (against Defendant White)

Count B:   Defamation (against Defendant White)

Count C:   Tortious Interference with a Contractual Relationship (against Defendant White)

Count D:   Respondeat Superior (against Defendant United)

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). As the Tenth Circuit has explained, "mere assertions and conjecture are not enough to survive summary judgment." *York v. AT&T*, 95 F.3d 948, 955 (10th Cir. 1996). To avoid summary judgment, a party "must produce specific facts showing that there remains a genuine issue for trial and evidence significantly probative as to any [material] fact claimed to be disputed." *Branson v. Price River Coal Co*., 853 F.2d 768, 771-72 (10th Cir. 1988) (quotation marks and citations omitted).

"A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017) (quotation marks and citation omitted).

## DISCUSSION

Defendant White, a United Airlines pilot, allegedly committed certain intentional torts against Plaintiff while Mr. White was staying at a hotel on layover. At issue is whether Defendant United is liable for alleged intentional torts of its employee through *respondeat superior*. The Court concludes it is not.

"Under basic respondeat superior principles, an employer is liable for an employee's torts committed within the scope of his or her employment. Thus, under these principles, an employer is not generally liable for an employee's intentional torts because an employee who intentionally

4

injures another individual is generally considered to be acting outside the scope of his or her employment." *Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 29, 135 N.M. 539, 551–52, 91 P.3d 58, 70–71 (internal citations and quotation marks omitted), *citing Martin–Martinez v. 6001, Inc.,* 1998–NMCA–179, ¶ 13, 126 N.M. 319, 968 P.2d 1182 ("In most instances, the intentional conduct of an employee injuring another employee is not the intentional conduct of the employer."). New Mexico uses a four-part test to determine whether an employee's acts were performed within the scope of employment:

> An employee's actions, although unauthorized, is considered to be in the scope of employment if the action (1) is the kind the employee is employed to perform; (2) occurs during a period reasonably connected to the authorized employment period; (3) occurs in an area reasonably close to the authorized area; and (4) is actuated, at least in part, by a purpose to serve the employer.

*Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 2007-NMCA-122 12, 142 N.M. 583.

Here, it is clear that Defendant White's alleged intentional torts were not in the scope of his employment. The alleged intentional torts are (1) not the kind Mr. White was employed to perform and (2) Mr. White did not act to serve Defendant United.

However, "[u]nder the aided-in-agency theory, an employer may be held liable for the intentional torts of an employee acting outside the scope of his or her employment if the employee 'was aided in accomplishing the tort by the existence of the agency relation.'" *Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 30, 135 N.M. 539, 552, 91 P.3d 58, 71, *quoting in part* Restatement (Second) of Agency § 219(2)(d) (1958). "[T]he basis for the aided-in-agency theory is that the employee may be able to cause harm *because of [the employee's] position as agent* of the employer." *Spurlock v. Townes*, 2016-NMSC-014, at ¶ 15, 368 P.3d at 1217 (internal quotation marks omitted)

The New Mexico Supreme Court has carefully limited the aided-in-agency doctrine. "[T]he theory should not apply to all situations in which the commission of a tort is facilitated by the

5

tortfeasor's employment. More than the mere existence of the employment relation must aid in commission of the [tort]." *Spurlock v. Townes*, 2016-NMSC-014, ¶ 16, 368 P.3d 1213, 1217 (cleaned up and internal citations and quotation marks omitted). "We thus follow *Ayuluk* in limiting our adoption of aided-in-agency principles extending vicarious liability to cases where an employee has by reason of his employment substantial power or authority to control important elements of a vulnerable tort victim's life or livelihood." *Spurlock v. Townes*, 2016-NMSC-014, ¶ 17, 368 P.3d 1213, 1217 (internal quotation marks omitted), citing *Ayuluk v. Red Oaks Assisted Living, Inc.,* 201 P.3d 1183, 1199 (Alaska 2009).

Here, a reasonable jury could not conclude that Defendant White, by virtue of being an employee of United Airlines had "substantial power or authority to control important elements of a vulnerable tort victim's life or livelihood." *Spurlock v. Townes,* 2016-NMSC-014 at ¶ 17. Plaintiff does not show that Defendant United vested him with substantial power or authority, and Defendant White used that power or authority to commit his intentional torts.

Plaintiff asserts that United's business was vital to the hotel during the pandemic. Nothing in the record suggests that United gave Defendant White the power or authority to control the business relationship between United and the hotel. In accordance with *Spurlock* and *Ocana*, the Court does not believe that the New Mexico Supreme Court would expand the aided-in-agency theory to such a degree. "The 'aided-in-agency' exception should not swallow the rule of limited respondeat superior liability for intentional torts." *E.E.O.C. v. Genesco, Inc.*, No. 09-CV-952 WJ/RHS, 2011 WL 2490634, at *4 (D.N.M. Apr. 12, 2011).

Plaintiff asserts that this case is similar to *Spurlock v. Townes*. In that case, the New Mexico Supreme court concluded that a corrections officer's employment position gave him "substantial power and control" over the plaintiff, a detainee. *Spurlock v. Townes*, 2016-NMSC-

6

014, ¶ 18, 368 P.3d 1213, 1217–18 ("Corrections officers like Townes are vested with extraordinary authority over inmates, substantially more than the authority of police officers over non-incarcerated citizens"). That case was based on the "extraordinary authority" corrections officers have over detainees. *Id.* Here, there is nothing in the record to suggest that Defendant White, as an employee of United, was granted "substantial power and control" over Plaintiff, the general manager of the Sheraton Albuquerque Airport hotel. Rather, this case is more similar to *Ocana*, where the New Mexico Supreme Court found that a mere supervisory relationship in an employment setting did not sufficiently raise the aided-in-agency doctrine, as the plaintiff "failed to present any evidence showing that [the employee's] conduct occurred as a result of an abuse of his supervisory status." *Ocana v. Am. Furniture Co.*, 91 P.3d at 72.

Therefore, the Court dismisses the *respondeat superior* claims against Defendant United.

**IT IS THEREFORE ORDERED** that Defendant United Airlines, Inc.'s Motion for Summary Judgment **(Doc. 70)** is **GRANTED** as described above.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**